IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al,* | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION |
| HIGH·TECH MECHANICAL, INC., | ) ) | NO. 08 C0670 |
| an Illinois corporation, | ) ) | JUDGE ROBERT M. DOW, JR. |
| Defendant, | ) ) ) | |
| and | ) ) | |
| MICHUDA CONSTRUCTION, INC., | ) ) ) | |
| Citation Respondent | ) | |

**MICHUDA CONSTRUCTION RESPONSE TO
CITATION TO DISCOVER ASSETS TO THIRD PARTY**

Michuda Construction, Inc. ("Michuda"), by and through their attorneys Cornelius F. Riordan and Regina E. Gaebel of Riordan Donnelly Lipinski & McKee, Ltd., and for its response to the Sheet Metal Workers Local 265 Welfare Funds' ("Sheet Metal Workers") Citation to Discover Assets to Third Party, states as follows:

1. Freeze all assets in your control that belong to or are due to High-Tech Mechanical, Inc. as required by the Citation, up to twice the amount of the balance due on the judgment, plus judgment interest and court costs.

    **RESPONSE:** Michuda does not possess any assets that belong to or are due to High Tech Mechanical, Inc. ("High Tech"). High Tech was the subcontractor of Applied Controls, Inc. ("Applied Controls"), one of Michuda's subcontractors on a project for the Chicago Board of Education identified as Mark Twain School located at 5134 South Lotus Avenue, Chicago, Illinois (the "Project"). There are no funds due High Tech because High Tech defaulted on its contractual obligations on the Project and there are insufficient funds remaining to even complete the Project.

2. Contact Plaintiffs' attorney to discuss the Citation.

**RESPONSE:** Counsel for Michuda has been in contact with Plaintiff's attorney to discuss the Citation.

3. Produce for examination the following documents for the period of January 2007 through the present (unless production is excused by Plaintiffs' attorney):

- Copies of all contracts entered into between your company and High-Tech Mechanical, Inc. or any other related entity;

**RESPONSE:** Michuda has not entered into any contracts with High Tech, rather High Tech was the subcontractor of Applied Controls, Inc. ("Applied Controls"), one of Michuda's subcontractors on a project for the Chicago Board of Education identified as Mark Twain School located at 5134 South Lotus Avenue, Chicago, Illinois. Michuda will produce a copy of the Complaint filed in the Circuit Court of Cook County, Case No. 08 L 1155 by High Tech against Applied Controls, Michuda and the Chicago Board of Education (the "High Tech Litigation"), which purportedly attaches the contract between Applied Controls, Inc. and High Tech. A copy of the Complaint is attached hereto as Exhibit 1.

- Copies of all correspondence between your company and High-Tech Mechanical, Inc. or any of its employees and/or agents;

**RESPONSE:** Michuda does not have any correspondence between High Tech and Michuda from the High Tech Litigation, but will produce the Complaint filed in the High Tech Litigation.

- Copies of all invoices sent to or received from High-Tech Mechanical, Inc. or any of its employees/agents;

**RESPONSE:** Michuda has not sent any invoices to High Tech, but will produce the complaint filed in the High Tech Litigation which attaches documents which appear to be invoices of High Tech.

- Copies of all purchase orders exchanged between your company and High-Tech Mechanical, Inc.;

**RESPONSE:** Michuda has not sent any purchase orders to High Tech Mechanical, but will produce the complaint filed in the High Tech Litigation which attaches documents that are purportedly change orders.

- Copies of all documents evidencing payments made from your company to High-Tech Mechanical, Inc. or any of its agents/employees;

**RESPONSE:** Michuda has not made any payments to High Tech.

2

- An accounting of all amounts that remain due from your company to High-Tech Mechanical, Inc. or any of its agents/employees; and,

**RESPONSE:** There are no funds due High Tech because High Tech defaulted on its contractual obligations on the Project and there are insufficient funds remaining to even complete the Project.

- All books, papers or records in your possession or control which may contain information concerning the property or income of, or indebtedness due to High-Tech Mechanical, Inc. or any of its agents/employees.

**RESPONSE:** None.

## THIRD PARTY RESPONDENT ANSWER TO CITATION PROCEEDINGS

I, Mark Michuda, the Executive Vice-president for Michuda Construction, Inc., Citation Respondent, certifies under penalty of perjury that with regard to the property of the Judgment Debtor, the Citation Respondent files the following answer to this Citation to Discover Assets and is in possession of the following property of the judgment debtor.

| | |
|---|---|
| A. Savings Account (amount withheld) | None. |
| B. Checking and/or Now Account (amount withheld) | None. |
| C. Certificate of Deposit (amount withheld) | None. |
| D. Money Market Account (amount withheld) | None. |
| E. Trust Account (amount withheld) | None. |
| F. Safety Deposit Boxes | None. |
| G. Other Amounts Due | None |
| | See Complaint attached as Exhibit1. |
| H. Adverse Claimants: | None |
| I. Wages, Salary or Commissions | None. |
| J. Other Personal Property (describe) | None. |
| Subtotal | None. |
| Less right of offset for other loans | None. |
| Less deduction for fees limited by law | None. |
| Total | None. |

According to the business records kept by the Citation Respondent we show the above accounts to be correct.

Date: August 25, 2008                    MICHUDA CONSTRUCTION, INC.

By: _____
     Mark Michuda
     Executive Vice-president

Cornelius F. Riordan (IL ARDC#2342634)
Regina E. Gaebel (IL ARDC #6282939)
*Attorneys for Michuda Construction, Inc.*
Riordan, Donnelly, Lipinski & McKee, Ltd.
10 N. Dearborn, 4th Floor
Chicago, IL 60602
Tel.:    (312) 663-9400
Fax:    (312) 6631028

## CERTIFICATE OF SERVICE

The undersigned, under penalties of perjury, certifies that on August 25, 2008, before the hour of 5:00 pm., she personally filed, through the ECF system, and caused to be served a true and correct copy of the foregoing:

## MICHUDA CONSTRUCTION RESPONSE TO
## CITATION TO DISCOVER ASSETS TO THIRD PARTY

and served upon:        Beverly P. Alfon
                        200 W. Adams Street, Suite 2200
                        Chicago, IL 60606
                        *Attorney for Plaintiff*


                        And

                        High Tech Mechanical, Inc.
                        1072 Flamingo Lane
                        Bradley, IL 60915
                        *Judgment Debtor*

by depositing the same in the U.S. mail at 10 N. Dearborn Street, Chicago, Illinois, with proper postage prepaid.



                                        _____/s/ Regina E. Gaebel_____

## IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS

| | | |
|---|---|---|
| HIGH TECH MECHANICAL, INC., | ) | |
| An Illinois corporation, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs | ) | CASE NO. 2008-L- |
| | ) | |
| CHICAGO BOARD OF EDUCATION, | ) | |
| A Municipal corporation; | ) | |
| APPLIED CONTROLS & | ) | |
| CONTRACTING SERVICES, INC., an | ) | |
| Illinois corporation; and MICHUDA | ) | |
| CONSTRUCTION, INC., an Illinois | ) | |
| Corporation, | ) | |
| Defendants | ) | |

2008L001155
CALENDAR/ROOM S
TIME 00:00
Breach of Contract

### COMPLAINT

NOW COMES, Plaintiff, HIGH TECH MECHANICAL, INC., an Illinois Corporation (hereinafter referred to as HIGH TECH) by its attorney, L. Patrick Power, and in complaining against the Defendants, CHICAGO BOARD OF EDUCATION, a municipal corporation, (hereinafter referred to as BOARD); APPLIED CONTROLS & CONTRACTING SERVICES, INC., an Illinois corporation, (hereinafter referred to as APPLIED); and MICHUDA CONSTRUCTION, INC., an Illinois corporation, (hereinafter referred to as MICHUDA); alleges as follows:

1.     That the Plaintiff, HIGH TECH, and Defendant, APPLIED, entered into a contract to perform certain services, including material and labor at Mark Twain Elementary School, located at 5134 South Lotus Ave., Chicago, Illinois, for and on behalf of the Chicago Public Schools-Board of Education, which agreement is dated March 21, 2006, a copy of which is attached hereto, incorporated by reference and marked as Exhibit A.

2.     That pursuant to said agreement, HIGH TECH was to serve as a subcontractor of APPLIED.

**EXHIBIT 1**

3.    That all of the work and materials called for in Exhibit A were performed by HIGH TECH in a workmanlike manner and completed said work on October 12, 2007.

4.    In addition to the work called for in Exhibit A, certain change orders and additional work was required by HIGH TECH in the amount of $4,951.51, copies of the change orders, invoices and work orders reflecting said additional work are attached hereto and marked as Group Exhibit B.

5.    That based on Exhibit A and B, APPLIED owed and still owes HIGH TECH as of the date of filing this complaint, the sum of $179,118.97 for material and labor provided by HIGH TECH on the above referred to job.

6.    That the last date worked on the above referred to project was October 12, 2007.

7.    That on or about November 9, 2007, a Notice of Lien Against Public Funds was sent to the Superintendent of Schools, Chicago Board of Education, 125 S. Clark Street, 6th Floor, Chicago, Illinois, a copy of said Notice is attached hereto, incorporated by reference and marked as Exhibit C.

8.    That the General Contractor on said job was MICHUDA CONSTRUCTION, INC. an Illinois corporation.

9.    That copies of said Notice was sent to APPLIED at 539-541 W. Taft Drive, South Holland, Illinois; Superinte... of Schools, Attn: Rufus Williams, President, 125 S. Clark Street, 6th Floor, Chicago, Illinois; and Michuda Construction, 11204 S. Western Ave., Chicago, Illinois.

10.    That as of the date of filing this complaint there is due and owing by the Defendant, APPLIED, for work on the Mark Twain Elementary School, Job No. 2005-

6240-ADD, located at 5134 South Lotus Ave., Chicago, Illinois, the sum of $179,118.97

for labor and materials provided by the Plaintiff, HIGH TECH.

  11. That the Plaintiff, HIGH TECH, has made many demands on Defendant,

APPLIED, for the payment on the above referred to amount and Defendant refused to

make said payments.

## COUNT I
## Breach of Contract – Applied Controls & Contracting Services, Inc.

  NOW COMES, Plaintiff, HIGH TECH MECHANICAL, INC., an Illinois

Corporation (hereinafter referred to as HIGH TECH) by its attorney, L. Patrick Power,

and in complaining against the Defendant, APPLIED CONTROLS & CONTRACTING

SERVICES, INC., an Illinois corporation, (hereinafter referred to as APPLIED), states as

follows:

  1 – 11. That Plaintiff, HIGH TECH, realleges and reincorporates paragraphs 1

through 11 of the above paragraphs as the paragraphs 1 through 11 of Count I.

  12. That based upon the foregoing allegations, APPLIED, is indebted to

HIGH TECH in the amount of $179,118.97 plus costs of suit.

## COUNT II
## Chicago Board of Education

  NOW COMES, Plaintiff, HIGH TECH MECHANICAL, INC., an Illinois

Corporation (hereinafter referred to as HIGH TECH) by its attorney, L. Patrick Power,

and in complaining against the Defendant, CHICAGO BOARD OF EDUCATION, a

municipal corporation, (hereinafter referred to as BOARD); states as follows:

  1 – 12. That Plaintiff, HIGH TECH, realleges and reincorporates paragraphs 1

through 12 of Count I as the paragraphs 1 through 12 of Count II.

13.    That the Chicago Board of Education is holding certain funds for the Mark Twain Elementary School Project, Project No. 2005-6240-ADD.

14.    That a lien has been filed by Plaintiff against said funds in accordance with the provisions of the Illinois Mechanic's Lien Act.

15.    That Plaintiff, HIGH TECH, has a valid claim in the amount of $179,118.97 for labor and materials provided to on the above referred to project.

16.    That the above referred to lien is a valid lien filed in accordance with the laws of the Mechanic's Lien Act of the State of Illinois.

WHEREFORE, the Plaintiff, HIGH TECH MECHANICAL, INC. ,    prays    as follows:

I.    That the Plaintiff be declared to be entitled to a mechanic's lien upon the above referred to funds being held by the Chicago Board of Education.

II.    That a Judgment be entered in favor of the Plaintiff and against the Defendant, Chicago Board of Education and applied against the unexpended  funds held by it for the Mark Twain Elementary School Project referred to above.

III.    For such other, further or difference relief as the Court deems equitable.

Respectfully submitted

HIGH    TECH    MECHANICAL,    INC., Plaintiff

BY:    _____
It's Attorney

Cook Co. #14787
Prepared by:
L. Patrick Power #2244357
Attorney at Law
956 N. Fifth Ave.
Kankakee, IL  60901
(815) 937-6937

**STATE OF ILLINOIS**      )
                             )SS
**COUNTY OF KANKAKEE**    )

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned hereby certifies that the statements set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he/she verily believes the same to be true and accurate.

SUBSCRIBED and SWORN TO before me
This 28th day of January , 2008.

Notary Public

> OFFICIAL SEAL
> KRISTINE A. SCHMITZ
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES 9-5-2010

Prepared by:
L. PATRICK POWER #2244357
ATTORNEY AT LAW
956 NORTH FIFTH AVENUE
KANKAKEE, ILLINOIS   60901
(815) 937-6937

RECEIVED 4/22/06



**Applied Controls & Contracting Services, Inc.**
539-541 W. Taft Drive
South Holland, IL  60473-2030
TEL: (708) 596-7400
FAX: (708) 596-1020

*An Authorized Building Controls Specialist of Johnson Controls*

## SUBCONTRACT AGREEMENT

DATE OF AGREEMENT : March 21, 2006

BETWEEN CONTRACTOR : Applied Controls & Contracting Services, Inc.

AND SUBCONTRACTOR : High Tech Mechanical, Inc.
Mr. Tom Blanchette
296 S. Kinzie Avenue
Bradley, IL 60915

CONTRACT NO. : 207.000-15.500-S

PROJECT : Mark Twain Elementary School
2005-6240-ADD

LOCATION : 5134 South Lotus Ave.
Chicago, IL 60638

GENERAL CONTRACTOR : Michuda Construction, Inc.

ARCHITECT : Guajardo REC Architects, L.L.C.

OWNER : Board of Education - City of Chicago

The SubContractor agrees to furnish all Labor, Material, and Equipment necessary to complete the following items of work as described under the Base Bid.

### HVAC

All work is to be performed in strict accordance with this agreement and in accordance with the Complete Contract Documents as listed in Exhibit "B" and Specifications for this project including General Conditions, Special Conditions, Project Requirements & Technical Specifications, dated November 14, 2005, and Addendum No. 1 dated December 6, 2005, including cost of insurance as outlined in Exhibit "A". This subcontract supersedes all proposals or bids submitted prior to the date of this agreement.

Tax Exempt Information: The Chicago Public Schools are exempt from paying State of Illinois Sales Tax. The tax exemption identification number is E9997-7109-04.

ALL FOR THE LUMP SUM OF  One Million Five Hundred Sixty Thousand & No/100
($1,560,000.00)   DOLLARS.



A)     EEO POLICY AND AFFIRMATIVE ACTION PROGRAM - Applied Controls & Contracting Services, Inc. is an Equal Opportunity Employer, legally and morally committed to a Policy and Affirmative Action Program, which include the recruitment and hiring of all employees without discrimination because of race, creed, color, sex or national origin, and treating them equally with respect to compensation and opportunities for advancement, including upgrading, promotion and transfer.

Applied Controls & Contracting Services, Inc., is very much aware of our obligations under the above Policy and Program and assumes the responsibility for enforcing these provisions, not only within Applied Controls & Contracting Services, Inc. but as regards with people hired to work for High Tech Mechanical, Inc. as Subcontractors, as well as people hired through the various unions in the Construction Industry.

B)     SCHEDULE - Time is of the essence and the Subcontractor agrees to commence its work immediately upon receipt of this agreement. All work is to be performed in strict accordance with Michuda Construction Inc's submittal schedule and job progress schedule to achieve substantial completion and Preliminary Acceptance of Phase I no later than August 15, 2007 and Preliminary Acceptance of Phase II no later than October 15, 2007. Subcontractor acknowledges that portions of the work are being performed in an occupied school building, and agrees that multiple mobilizations may be required for certain phases of the work to minimize disruption to the school occupants. Subcontractor is to comply with work restrictions stipulated in the specifications. Any delays caused by the Subcontractor will result in liquidated damages being assessed at $1,000.00 per calendar day of delay. Damages will only be assessed against a Subcontractor that creates the delay in the schedule. In this regard, Subcontractors will not be responsible for delays caused by another Subcontractor.

C)     INDEMNIFICATION & INSURANCE - At all times while performing the Subcontractors duties, the Subcontractor shall maintain, at its sole cost and expense, the insurance set forth in Exhibit "A" attached hereto and incorporated by reference herein, from insurance companies and in a form reasonably satisfactory to the Owner with limits of liability not less than stated in such Exhibit "A". The Owner shall have the right to inspect and review the policies in their entirety and shall be provided with copies upon request.   The Subcontractor shall not commence work under this agreement until the required insurance has been obtained. Minimum coverage's and requirements are outlined in Exhibit "A" of this Subcontract Agreement.

D)     SCHEDULE OF VALUES/SWORN STATEMENT/PAYMENT - Within 15 days after award receipt of this Subcontract Agreement, the Subcontractor shall furnish a Schedule of Values Breakdown of the Contract Sum on AIA G702/G703 form, listing major divisions of the work including all major Material, Equipment and Labor to be used on the project. Subcontractors shall also furnish a Sworn Statement listing all major material suppliers, sub-subcontractors, and self performed work on the enclosed form listed as Exhibit "E". Additionally, if a Subcontractor has committed to procure work through a Minority or Women Owned Business either as a sub-subcontractor or as a material vendor, the M/WBE shall be identified on the Sworn Statement with

listed for the associated contract amount. Failure to submit a complete and accurate Schedule of Values and Sworn Statement will be considered cause to withhold the Subcontractor's Project progress draw.   The Sworn Statement and Schedule of Values forms are available in electronic format by emailing the General Contractor at *paymentforms@michuda.com*

The Subcontractor is required to pay for all materials, prevailing union wages, tools, supplies, equipment, temporary services, utilities, transportation, insurance, and all services used in, or in connection with, the performance of the Project, through the period requested for payment. Progress draws will require draw amounts on the pre-approved sworn statement form and be accompanied with proper waivers for the net requested amount. A sample of the Partial Waiver and Final Waiver Forms are enclosed as Exhibit "E". The Waiver Forms are also available in electronic format by emailing the General Contractor at *waivers@michuda.com*. The General Contractor may remove the Subcontractor's request for payment from the progress draw if these provisions are not met. It is expressly understood that Contractor shall be obligated to pay the Subcontractor only from the funds which the Contractor receives from the Owner, through the General Contractor and such payment to the Subcontractor is expressly conditioned upon receipt of payment from the Owner.

E) DISPUTES - In the event of any dispute arising out of this Subcontract Agreement, the parties agree that the sole method of resolution will be through mediation/arbitration as described in Exhibit "D".

F) SAFETY - The Subcontractor shall be responsible for determining the means, methods or manner in which their specific Work is to be performed. The Subcontractor, therefore, is the specialist in their specific Project Work and must employ work practices to insure the safety of their own work forces and the effects that their operations will have on the Project worksite. The Subcontractor will have the duty to assign a superintendent or foreman with the responsibility of carrying out the Subcontractors Safety Program. The General Contractor's Safety Manual is for internal use only and for the express use of its own employees. Although the Contractor has a general right to inspect the work, such direction shall not be construed as prohibiting the Subcontractor from being responsible for carrying out their specific Works day to day operations and safety inspections. If in the process of prosecuting the Work any safety issues or concerns are encountered, it will be the responsibility of the Subcontractors superintendent or foreman to report such conditions in writing to the Contractors supervisory staff.

In addition to the foregoing provisions, the parties also agree that the Subcontractor shall:

1.     Be bound to the Contractor by the terms of the Contract Documents and this agreement and assume toward the Contractor all the obligations and responsibilities that the contractor, by those documents, assumes toward the General Contractor and the Owner, as applicable to this subcontract.

2.     Take necessary precaution to properly protect the finished work of other trades.

3.     Keep the premises clean at all times of debris arising out of the operation of this Subcontract. If the Subcontractor fails to comply with this directive, the Contractor may perform such necessary clean-up and deduct this cost from any amounts due the Subcontractor. The Subcontractor shall not be held responsible for unclean conditions caused by other Contractors or Subcontractors, unless otherwise provided for.

4.     Observe and comply with all Federal, State and Local Laws:  Social Security, Unemployment Compensation and Workers' Compensation, and all applicable Federal, State and Local Health, Safety, and Sanitation Rules and Regulations, including but not limited to the Occupational Safety and Health Act of 1970 (OSHA) and OSHA Hazard Communication Standard of 1987.

5.     OSHA Hazard Communication Standard of August 24, 1987, requires that Material Safety Data Sheets (M.S.D.S.) that are associated with this project be maintained and posted at the jobsite.  It is the Subcontractor's responsibility to furnish Applied Controls & Contracting Services, Inc. with all applicable Material Safety Data Sheets as related to their subcontracted work within seven (7) working days of receiving this contract.  Failure to comply with this directive may result in fines and penalties assessed by OSHA to be back charged to the responsible subcontractor. Subcontractor shall assume sole responsibility for the safety of his employees or any other person who enters upon the Owners premises for reasons relating to this subcontract agreement.

6.     Not assign this Subcontract nor subcontract the whole or any part of the work to be performed hereunder without the prior written consent of the Contractor, with the exception of those which are stated on the Subcontractor's Final Schedule of Values. In case such consent is given it shall not relieve the Subcontractor from any of the obligations of this agreement. Failure to comply with this provision will be considered a breach of this contract agreement. Any assignment made in violation hereof shall not be binding on the Contractor.

7.     Note that no extra work or changes under this contract will be recognized or paid for unless agreed to in writing before the work is done or the changes made.

8.     Guarantee their work against all defects of materials and/or workmanship as called for in the Plans and Specifications and Addenda, or if no Guarantee is called for, then for a period

of one year from the date of acceptance of the Subcontractor's Work by the Owner. The Subcontractor will be required to submit their warranties, as-built drawings and operation manuals before submitting a request for final payment.

9.     If the Subcontractor shall be adjudged to be bankrupt, or shall persistently or repeatedly refuse or shall fail to supply enough properly skilled workmen or proper materials, or shall fail to make prompt payment to Sub-Subcontractors, or for material or labor, or persistently disregard laws, ordinances or the instructions of the Contractor, or otherwise be guilty of a substantial violation of any provision of the Contract Documents, then the Contractor may, without prejudice to any other right or remedy and after giving the Subcontractor three (3) days', certified mail written notice, terminate the employment of the Subcontractor, take possession of the premises and of all materials, tools and appliances thereon, have assigned to him, if he so desires, the Subcontractor's subcontracts and material orders, and finish the work by whatever method the Contractor may deem expedient. In such case, the Subcontractor shall not be entitled to receive any further payment. If the expense of finishing the work, including compensation for additional managerial and administrative services shall exceed the unpaid balance of the Contract price, the Subcontractor (and the surety on the performance bond, if applicable) shall be liable for the payment of the amount of such excess to the Contractor.

10     The Subcontractor is required to adhere to the Affirmative Action requirements and to maximize the use of minority personnel. The percentage goal for journeyman/apprentice/laborer man hours worked by minority employees in the field shall not be less than:

| Minority Journeymen | ≥ | 50% | Female Journeyman | ≥ | 10% |
|---|---|---|---|---|---|
| Minority Apprentice | ≥ | 50% | Female Apprentice | ≥ | 10% |
| Minority Laborer | ≥ | 50% | Female Laborer | ≥ | 10% |

For any net deficiency in each category, liquidated damages will be deducted from monies due the Subcontractor. For each full one percent deficiency of minority/female not utilized, the Subcontract amount will be modified accordingly.

| Journeymen | = | .0004 x Subcontract Amount |
|---|---|---|
| Apprentices | = | .0003 x Subcontract Amount |
| Laborers | = | .0001 x Subcontract Amount |

Furthermore, Subcontractor agrees to ensure that at least 50 percent of skilled trade workers' and laborers' aggregate hours shall be performed by actual residents of the City of Chicago. In such case of non-compliance with this provision, it is agreed that 1/20 of one percent, 0.0005, of the Subcontract amount for this contract shall be surrendered by the Subcontractor to the General Contractor in payment for each percentage shortfall toward the stipulated residency requirement for skilled trade workers and laborers.

12.    Subcontractor is responsible for submitting shop drawings as required per Specifications and shall make all field measurements as necessary to insure that Subcontractors work does not conflict with existing conditions.

SHOP DRAWINGS    :    (1) Sepia _____ (7) Blueline
PRODUCT DATA    :    (8) Copies
SAMPLES    :    (3) Sets

APPLIED CONTROLS & CONTRACTING
SERVICES, INC.
CONTRACTOR

By: George Kinnison

Date: 4 - 20 - 6

High Tech mechanical Inc

SUBCONTRACTOR

By: _Thomas R Randell_ (Title) _Project manager_

Date: 04 - 17 - 06

# High Tech Mechanical, Inc.

**272 S. Kinzie Ave**
**Bradley, IL 60915**

**Invoice**

| Date | Invoice # |
|------|-----------|
| 1/23/2007 | 1245 |

**Bill To**

Attn: Bill Risatti
Michuda Construction
11204 South Western Ave
Chicago, IL 60643

| P.O. Number | Terms | Project |
|-------------|-------|---------|
| | Net 30 | 2336-3 - Temp Gas Connect |

| Description | Quantity | Price Each | Amount |
|-------------|----------|------------|--------|
| 1" 400# NIBCO CWP BRZ THREADED BALL VALVE | 2 | 22.50 | 45.00 |
| 2" BLACK MALL TEE | 2 | 10.38 | 20.76 |
| 2" X 5" STD BLACK NIPPLE | 2 | 3.23 | 6.46 |
| 2" 90D 150# BLACK MALL ELBOW | 1 | 7.23 | 7.23 |
| 1" X 5" STD BLACK NIPPLE | 2 | 1.62 | 3.24 |
| GAS LABOR - 01/18/07 - B. ZVOKEL | 3 | 101.00 | 303.00 |
| GAS LABOR - 01/18/07 - L. ERFFMEYER | 3 | 101.00 | 303.00 |
| | | | |
| TAPPED INTO GAS MAIN FOR TEMP GAS HEATERS - W.O. #2336-3 | | | |

| Total | $688.69 |
|-------|---------|

# WORK ORDER # G 2336-3

HIGH TECH MECHANICAL, INC.

MICHUDA CONST.

| PHONE | | DATE OF ORDER |
| JOB LOCATION | MARK TWAIN | |
| CUSTOMER'S P.O. | | |
| MANUFACTURER | COPY | |
| MODEL | | |
| SERIAL NO. | | |

| | MATERIAL | PRICE | | AMOUNT | | DESCRIPTION OF WORK |
|---|---|---|---|---|---|---|
| 2 | 1" T580 Ball Valve | 22 | 50 | 45 | 00 | Tapped into gas main |
| 2 | 2" BLK Mal Tee | 10 | 38 | 20 | 76 | For temp Gas Heater's |
| 2 | 2x5" BLK Nipple | 3 | 23 | 6 | 46 | |
| 1 | 2" BLK 90° | 7 | 23 | 7 | 23 | |
| 2 | 1"x5" BLK Nipple | 1 | 62 | 3 | 24 | |

| DATE | TECH | HRS | OT HRS | RATE | AMOUNT |
|---|---|---|---|---|---|
| 1.18.07 | B. Zvokel | 3 hr | | 101.00 | 303.00 |
| | L. Erffmeyer | 3 hr | | 101.00 | 303.00 |

| | | |
|---|---|---|
| TOTAL LABOR | | 606.00 |
| TOTAL MATERIALS | | 82.69 |
| TOTAL OTHER | | — |
| TAX | | — |
| TOTAL | | 688.69 |

TOTAL MATERIALS | 82.69

Thank You

# PROPOSAL



272 S. Kinzie Ave., Bradley, IL 60915
Office: 815-935-1052  Fax: 815-935-0884

| | |
|---|---|
| No: | 2007-005 |
| Date: | 01/15/2007 |
| Sheet No: | 1 of 1 |

**Proposal Submitted To:**

**Work To Be Performed At:**

Attn:  **Bill Risatti**
**Michuda Construction**
**Chicago, IL  60643**
Phone:  **773-445-5505**
Fax:  **773-445-5518**

**Mark Twain Elementary**
**Gas Connection for Temporary Heat**

**Type of Work:**   **HVAC**

**We propose to furnish the material and labor necessary for the following:**

**All Associated Pipe, Valves & Fittings for Two (2) Temporary Gas Connections.**

**Does Not Include:**    Taxes
Permits & Fees
Premium Time

Labor - $101.00  Per Hour

**Labor & Material Not To Exceed**        $1,098.00

*William A Risatti  PM*

2336 — 3

# High Tech Mechanical, Inc.

296 S. Kinzie Ave
Bradley, IL 60915

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/5/2006 | 1210 |

**Bill To**

Michuda Construction
11204 South Western Ave
Chicago, IL  60643

| P.O. Number | Terms | Project |
|-------------|-------|---------|
| | Net 30 | #2336-2 - Replace Duct |

| Description | Quantity | Price Each | Amount |
|-------------|----------|------------|--------|
| 08/17/06 - DAVE - FABRICATION | 6 | 95.00 | 570.00 |
| 08/18/06 - ROBBIE | 8 | 95.00 | 760.00 |
| 08/18/06 - MICKEY | 8 | 95.00 | 760.00 |
| 08/21/06 - ROBBIE | 8 | 95.00 | 760.00 |
| 08/21/06 - MICKEY | 8 | 95.00 | 760.00 |
| 3/4" TEK SCREWS | 50 | 0.09 | 4.50 |
| 1 GAL DUCT SEALER | 1 | 33.32 | 33.32 |
| DUCTMATE FLANGE LENGTH = 20 FT | 10 | 21.60 | 216.00 |
| DUCTWORK | | 399.00 | 399.00 |

| Total | $4,262.82 |
|-------|-----------|

# WORK ORDER #

**HIGH TECH MECHANICAL, INC.**

| | |
|---|---|
| PHONE | DATE OF ORDER 8-17-06 |
| JOB LOCATION | MARK TWAIN |
| CUSTOMERS P.O. | 51ST & LOTUS |
| MANUFACTURER | |
| MODEL | |
| SERIAL NO. | |

MICHUOA
CONSTRUCTION

| QTY. | MATERIAL | PRICE | AMOUNT | DESCRIPTION OF WORK |
|---|---|---|---|---|
| 5 | STL DUCTWORK | | 399.00 | FAB. FILLER DUCT |
| 50 | 3/4" TEK SCREWS | .09 | 4.50 | & TIE BACK TOGETHER |
| 1 | GAL. DUCT SEALER | 33.32 | 33.32 | DUCT IN THE ATTIC SPACE @ |
| 10 | LENGTHS COMPANION FLANGE | 21.60 | 216.00 | 3 LOCATION'S THAT WAS CUT OUT FOR WORK DONG TO EXISTING BEAM |
| 4 | 30x24 } 24' | | | FOR DAN NIEMAN |
| — | 18x16 | | | 8/16/06 |

| | | DATE | TECH | HRS | OT. HRS | RATE | AMOUNT |
|---|---|---|---|---|---|---|---|
| SHOP → | | 8/17/06 | DAVE LABARGE | 6 | | 95.00 | 570.00 |
| FIELD → | | 8/18/06 | ROB EARL | 8 | | 95.00 | 760.00 |
| | | " | MICKEY CRUZ | 8 | | 95.00 | 760.00 |
| | | 8/21/06 | ROB EARL | 8 | | 95.00 | 760.00 |
| → | | 8/21/06 | MICKEY CRUZ | 8 | | 95.00 | 760.00 |

| | |
|---|---|
| TOTAL LABOR | 3,610.00 |
| TOTAL MATERIALS | 652.82 |
| TOTAL OTHER | |
| TAX | — |
| TOTAL | 4,262.82 |

COMPLETED

TOTAL MATERIALS 652.82

Signature X [signature]

*Thank You*



# L. Patrick Power
### - Attorney and Counselor at Law -

956 North Fifth Avenue
Kankakee, Illinois 60901

Telephone
(815) 937-6937
Fax
(815) 937-0056



November 9, 2007

Superintendent of Schools
Chicago Board of Education
125 S. Clark Street, 6th Floor
Chicago, IL 60603

## NOTICE OF LIEN AGAINST PUBLIC FUNDS

Please be advised that High Tech Mechanical, Inc., has done work and provided materials on a project for the Chicago Public Schools-Chicago Board of Education at Mark Twain Elementary School, 5134 S. Lotus Ave., Chicago, Illinois.

The original contract provided for High Tech Mechanical, Inc. to perform work and provide materials (HVAC), the amount of $179,118.97,   remains unpaid by contractor, Applied Controls & Contracting Services, Inc. and Michuda Construction for which High Tech Mechanical, Inc. makes claim against the unexpended funds allocated for this project.

High Tech Mechanical, Inc.

By:    _____

L. Patrick Power
Attorney for High Mechanical, Inc.

LPP/kas

cc: High Tech Mechanical, Inc.



## SERVICE LIST

Superintendent of Schools
Chicago Board of Education
Attn: Rufus Williams, President
125 S. Clark Street, 6th Floor
Chicago, IL 60603

Michuda Construction
11204 S. Western Ave.
Chicago, IL 60643

Applied Controls & Contracting Services, Inc.
539-541 W. Taft Drive
South Holland, IL 60473-2030

Hatchell & Associates, Inc.
414 W. Fullerton Ave.
Elmhurst, IL 60126-1403

I, the undersigned, being first duly sworn, upon oath depose and state that I served a true and correct copy of each document, attached hereto upon the above named person(s) by enclosing same in a envelope plainly and properly addressed as stated below, postage fully prepaid, and depositing said envelope(s) in the United States Mails in Kankakee, Illinois on the 9th day of November, 2007.

_Kristine A. Schm_____

SUBSCRIBED and SWORN TO before me this 9th day of November, 2007.

_Notary Public_

OFFICIAL SEAL
L. PATRICK POWER
NOTARY PUBLIC-STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-30-2008

Prepared by:
L. PATRICK POWER #2244357
ATTORNEY AT LAW
956 NORTH FIFTH AVENUE
KANKAKEE, ILLINOIS 60901
(815) 937-6937

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michuda Construction
11204 S. Western
Chicago, Il
60643

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Manahan_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  C. Date of Delivery
_Manahan_

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. 7006 0100 0000 8735 4685

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-154

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Applied Controls +
Contracting, Inc.
539-541 W. Taft Dr.
South Holland, Il
60473

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _MLR_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  C. Date of Delivery
M. WILLIAMS  11/13/0

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article 7006 0100 0000 8735 4678
(Tran.

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-154

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Superintendent of Schools
Chicago Board Education
Attn: Rufus Williams
125 S. Clark, 6th Floor
Chicago, Il 60603

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. 7006 0100 0000 8735 4692

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-154